UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
MIC GENERAL INSURANCE
CORPORATION,

                    Plaintiff,

    -against-

LERON YARKONY and NEIL
CARACCIOLO, JR.

                  Defendants.

**MEMORANDUM AND ORDER**

Case No. 1:21-CV-342 (FB) (VMS)

*Appearances*:
*For the Plaintiff*:
RYAN P. MAXWELL
DAN DAVID KOHANE
Hurwitz Fine P.C.
1300 Liberty Building
424 Main Street
Buffalo, NY 14202

*For the Defendant*:
TODD WENGROVSKY
285 Southfield Road
P.O. 585
Calverton, NY 11933

**BLOCK, Senior District Judge:**

Plaintiff MIC General Insurance Corporation ("MIC General") brings this action against defendants Leron Yarkony ("Yarkony") and Neil Caracciolo, Jr. ("Caracciolo") seeking a declaratory judgment from the Court stating that the company is not obligated to indemnify or defend Yarkony in an underlying lawsuit in New York State Court. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the underlying injury averred exceeds $75,000. MIC General has moved for summary judgment on its

1

three causes of action against Yarkony and for a default judgment against Caracciolo. For the reasons that follow, MIC General's motion is granted.

## I.    FACTS

The following undisputed facts are taken from the pleadings, the parties' Rule 56.1 statements, and supporting documentation.

Yarkony is the owner of a multi-residence premises (the "Premises") located at 1256 East 70th Street in Brooklyn, New York. Caracciolo rents one of these residences from Yarkony, and alleges that on May 24, 2020, he was seriously injured due to a cracked and uneven patio surface at the Premises, which Yarkony failed to properly maintain. As a result, Caracciolo has filed suit against Yarkony in New York State Court (the "Underlying Action"). In turn, Yarkony invoked the homeowner's insurance policy for the Premises (the "Policy") that he held from MIC General, seeking MIC General's indemnification and defense against the Underlying Action.

The Policy was in effect from April 21, 2020 to April 21, 2021 and Yarkony was in good standing with his Policy payments at the time of Carcciolo's accident. However, Yarkony did not reside at the Premises, but instead maintains a residence in Florida. Because Yarkony was the homeowner's policyholder but did not reside at the insured location and instead rented the Premises to tenants, MIC General argues that Policy exclusions apply and therefore is not obligated to indemnify or

2

defend Yarkony in the Underlying Action. In addition, MIC General seeks a default judgment against Carcciolo, whom it also named in this action and who has failed to appear or respond.

## II.    POLICY LANGUAGE

As a homeowner's insurance policy, the Policy provides coverage to the policyholder for third-party liability claims occurring at the insured location: "If a claim is made or a suit is brought against an 'insured' for damages because of 'bodily injury' or 'property damage' caused by an 'occurrence' to which this coverage applies, we will…[p]ay up to our limit of liability for the damages for which the 'insured' is legally liable." Brownsey Aff. Ex. A, at ¶ 7.

There are three exclusions to the Policy that MIC General invokes in its motion for summary judgment. They are:

(i)     the insured location exception (the "Insured Location Exception"), which excludes coverage for "'[bodily injury'…arising out of a premises [o]wned by an 'insured' that is not an 'insured location'." *Id*. at ¶ 9; Ex. A at 30. The "insured location" is defined as "[t]he residence premises," which in turn is defined as the "one family dwelling" or "that part of any other building…where you reside." *Id*. at ¶ 9; Ex. A at 18. "You" refers to the policyholder, or Yarkony in this case. *Id*.;

(ii)     the business exclusion (the "Business Exclusion"), which excludes coverage for "bodily injury…arising out of or in connection with a 'business' engaged in by an 'insured.'" *Id*. at ¶ 8. "This exclusion applies but is not limited to an act or omission, regardless of its nature or circumstances, involving a service or duty rendered, promised, owed or implied to be provided because of the nature of the 'business.'" *Id*. A "business…includes [a] trade, profession or occupation." *Id*. at ¶ 8; Ex. A at 29.; and

(iii)     the rental exclusion (the "Rental Exclusion"), which excludes coverage for "bodily injury…arising out of rental or holding for rental of any part of any premises by an 'insured.'" *Id*. at ¶ 9.

### III.   STANDARDS OF LAW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). In determining whether summary judgment is appropriate, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015).

Separately, a default judgment may be issued "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Obtaining a default judgment is a two-step process. *See Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95-96 (2d Cir. 1993). First, the Clerk of Court must enter a party's default by noting it on the Clerk's record of the case pursuant to Rule 55(a). *See id.* Next, the court may enter a default judgment if the party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c). *See* Fed. R. Civ. P. 55(b).

In deciding a motion for a default judgment, a district court must balance its interest in deciding cases expeditiously with its responsibility to afford "litigants a reasonable chance to be heard." *Enron Oil Corp. v. Diakuhara,* 10 F.3d at 95–96. Thus, in light of the "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and doubts should be resolved in favor of the defaulting party. *Id.* That said, the Court has significant discretion to consider a number of factors in deciding whether to grant a default judgment, including: (1) whether the grounds for default are clearly established, (2) whether the claims were pleaded in the complaint, thereby placing the defendants on notice, and (3) the amount of money potentially at stake, with more money weighing against entering the default judgment. *See Hirsch v.*

*Innovation Int'l, Inc.,* No. 91 CV 4130, 1992 WL 316143, at *2 (S.D.N.Y. Oct.19,

1992). In addition, "the Court may consider whether material issues of fact remain,

whether the facts alleged in the complaint state a valid cause of action, whether

plaintiff has been substantially prejudiced by the delay involved, and whether

the default judgment might have a harsh effect on the defendant[]." *See Pacific M.

Int'l Corp. v. Raman Int'l Gems, Ltd.,* 888 F.Supp.2d 385, 393

(S.D.N.Y.2012) (citations omitted) (internal quotation marks omitted).

## IV.   ANALYSIS

The Court first addresses MIC General's motion for summary judgment

against Yarkony, then turns to MIC General's motion for a default judgment against

Caracciolo.

### a. Summary Judgment

MIC General styles its complaint as three causes of action. However, they

really constitute one cause of action with three separate supporting arguments as to

why coverage to Yarkony may be denied. These are the Insured Location Exception,

the Business Exclusion, and the Rental Exclusion. The most obvious bar to coverage

in this case is the Rental Exclusion.

It is undisputed by the parties that Yarkony was renting the Premises to at

least four different tenants, one of whom was Caracciolo. The Policy plainly

excludes coverage for "bodily injury…arising out of rental or holding for rental of

6

any part of any premises by an 'insured.'" Tellingly, Yarkony offers no counterargument to MIC General's position on this exclusion. MIC General's claim hinges entirely on the Policy language. When the language of an insurance policy is unambiguous, the words of the policy must be given their plain and ordinary meaning. *See White v. Continental Cas. Co*., 9 N.Y.3d 264, 267 (2007). The language is unambiguous if it has a definite and precise meaning about which there can be no reasonable difference of opinion. *See id*.

The only reasonable interpretation of the Rental Exclusion is that it bars coverage for Caracciolo's alleged injuries, since they were bodily injury arising out of his rental of a portion of the Premises from Yarkony. Even when construed in the light most favorable to Yarkony, there is no genuine dispute as to the material facts dictating the application of this exclusion, which is wholly dispositive of MIC General's action. Therefore, as a matter of law, Yarkony is not entitled to coverage under the Policy, and MIC General must neither indemnify nor defend him.

The Insured Location Exception and the Business Exclusion would also bar Yarkony from invoking the Policy for the same reasons. The plain language interpretation of these clauses necessitates finding against Yarkony. Because the Insured Location Exception provides that the insured location covered by the Policy is the residence premises of the policyholder, the insured location here apparently would be Yarkony's residence in Florida. It is undisputed that Yarkony does not

7

reside at the Premises in Brooklyn and hasn't for several years. Instead, he rents the Premises to tenants and lives in Florida. Yarkony argues that this clause should not bar his entitlement to coverage because he lived at the Premises for several years before he began using it as a rental property, and since he was in good standing with Policy payments, it should not matter whether he was living at the Premises during the coverage year during which Caracciolo was allegedly injured. Yarkony's argument fails to invoke any applicable law, and essentially seeks to contravene the purpose of homeowner's insurance, which is to insure the policyholder's place of residence.

The Business Exclusion likewise bars coverage for the same reasons explained for the Insured Location Exception and the Rental Exclusion: its plain meaning is unambiguous. *See White*, 9 N.Y.3d at 267 (2007) ("As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning…It is well settled that '[a] contract is unambiguous if the language it uses has 'a definite and precise meaning'") (quoting *Greenfield v. Philles Records*, 98 N.Y.2d 562, 569 (2002))). As defined by the Policy, a business "includes [a] trade, profession or occupation." Brownsey Aff. at ¶ 8; Ex. A at 18.

In New York, whether the business pursuit exclusion of an insurance policy applies "depends upon whether [the insured] regularly engaged in a particular activity with a view toward earning a livelihood or marking a profit. To constitute a

business, there must be two elements: '*first, continuity, and secondly, the profit motive*.'" *Stewart v. Dryden Mut. Ins. Co*., 549 N.Y.S.2d 246, 246-47 (1989) (quoting *Home Ins. Co. v. Aurigemma*, 257 N.Y.S.2d 980, 985). The fact that Yarkony used the Premises as a multi-tenant rental for years satisfies the continuity element. It is also undisputed that Yarkony rented the units for money and engaged in periodic upkeep of the Premises as a building manager would. These facts establish a profit motive. Therefore, the Business Exclusion would also apply, barring Yarkony from invoking the Policy to cover the Underlying Action.

### b. Default Judgment

Now, the Court addresses whether granting a default judgment against Caracciolo is appropriate.

The Clerk issued a Certificate of Default against Caracciolo on July 9, 2021 after he failed to respond to MIC General's Complaint. Since default was entered nearly twenty months ago, Caracciolo has continued to fail to respond or appear for this action, despite having been properly served with the Summons and the well-pleaded Complaint. *See* Maxwell Dec. Ex. A. Caracciolo was properly on notice of an action in which he was named as a defendant, and the grounds for default are clearly established. Finally, the money at stake in this case is that sought in damages by Caracciolo against Yarkony in the Underlying Action. The amount of damages sought in that action is unaffected by the outcome of this default judgment, which is

declaratory in nature. Therefore, Caracciolo does not stand to be prejudiced by this default judgment. Instead, the judgment merely determines that the relief he seeks in the Underlying Action will be paid by Yarkony and not MIC General, if it is ultimately found that he is entitled to such relief. *See Hirsch,* No. 91 CV 4130, 1992 WL 316143, at *2 (stating the factors a court should consider in deciding a default judgment, including the amount of money potentially involved). Accordingly, default judgment against Caracciolo is appropriate.

## CONCLUSION

For the foregoing reasons, MIC General's motion for summary judgment is **GRANTED** in full. A declaratory judgment is issued in favor of MIC General to the effect that the Policy does not cover Yarkony in the Underlying Action, and accordingly, MIC General may cease providing a defense to Yarkony in that action. MIC General's motion for a default judgment against Caracciolo is also **GRANTED**.

**SO ORDERED.**

                          __/S/ Frederic Block_____
                          FREDERIC BLOCK
                          Senior United States District Judge

Brooklyn, New York
February 28, 2023